# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

RAYMOND LOPEZ, JR.,

      Plaintiff,

vs.                                   No.  00cv0594 MV/JHG

JOANNE B. BARNHART,[1]
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's (Lopez') Motion to Reverse and Remand Administrative Decision, filed November 29, 2000.  The Commissioner of Social Security issued a final decision denying Lopez' application for supplemental security income.  The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion to remand is not well taken and recommends that it be DENIED.

Lopez, now forty-four years old, filed his application for supplemental security income on October 14, 1997, alleging disability since September 9, 1989, due to low back pain, loss of toes in both feet, a partial amputation of his right foot, fracture of the right tibia, hepatitis C, depression, and other mental problems.  He claims to have a high school education and past relevant work as an electrical lineman and forklift operator.  The Commissioner denied Lopez'

---

    [1]  On November 9, 2001, JoAnne B. Barnhart was sworn in as Commissioner of the Social Security Administration.  Thus, she is substituted as Defendant in this action.

application for supplemental security income both initially and on reconsideration.  On February 22, 1999, the Commissioner's Administrative Law Judge (ALJ) denied benefits, finding Lopez had severe impairments consisting of low back pain, loss of toes in both feet, a partial amputation of his right foot, and a fracture of the right tibia.  However, the ALJ found Lopez did not have any disorder or combination of disorders meeting or equaling in severity any of the disorders described in the Listing of Impairments, Subpart P, Appendix 1.  Tr.  13.  The ALJ specifically reviewed Listings 1.00, 5.00 and 12.00.  *Id.*  The ALJ  further found Lopez' hepatitis C, depression and other mental problems were not severe.  *Id.*  The ALJ found Lopez' subjective complaints were not supported by the medical evidence to the extent he alleged.  The ALJ found Lopez retained the residual functional capacity (RFC) to perform sedentary work. Lopez filed a Request for Review of the decision by the Appeals Council.  On February 25, 2000, the Appeals Council denied Lopez' request for review of the ALJ's decision.  Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes.  Lopez seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last

2

for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f) and 416.920 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

In support of his motion to reverse and remand, Lopez contends the ALJ's RFC finding is contrary to the evidence and the law for the following reasons: (1) the ALJ did not adequately consider his use of a cane or crutch; (2) the ALJ did not adequately consider his need to elevate his leg; and (3) the ALJ failed to request an RFC assessment from one of his treating physicians.

Lopez contends the ALJ's RFC Finding is contrary to the evidence and the law because the ALJ did not "adequately" consider or factor his use of a cane or crutch into his RFC finding. Lopez claims he cannot perform the standing required of sedentary work on a sustained basis.

Sedentary work involves primarily sitting, with only occasional standing and walking. 20 C.F.R. § 416.967. Occasionally means occurring from very little up to one-third of the time. SSR 83-10, 1983 WL 31251 at *5 (1983). "Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hours workday." *Id.*

The Court finds that Lopez' argument is without merit. In determining Lopez' RFC, the ALJ specifically addressed Lopez' use of a cane. The ALJ found "He is currently ambulatory with the use of a cane, and his right foot amputations do not prevent him from functioning independently and maintaining a reasonably active lifestyle. I find that he remains physically capable of performing sedentary work." Tr. 19. The ALJ then cited to other factors and to the record to support his RFC determination.

Lopez next argues the ALJ did not adequately consider his need to elevate his right leg. Lopez contends the ALJ's reliance on the medical-vocational guidelines (grids) was inappropriate because of his postural limitation. Therefore, Lopez moves the Court to remand this matter for reevaluation of his postural limitation and to direct the ALJ to consult a vocational expert. In support of his arguments, Lopez cites to: (1) *Smalls v. Shalala*, 996 F.2d 413 (D.C.Cir. 1993); (2) *Tejada v. Apfel*, 167 F.3d 770 (2nd Cir. 1999); (3) *Brown v. Bowen*, 710 F.Supp. 1303 (W.D. Wash. 1989); and (4) *Smith v. Schweiker*, 735 F.2d 267 (7th Cir. 1984). Lopez also claims his need to elevate his leg was noted several times in the record.

In *Smalls*, a venogram indicated Ms. Smalls had suffered a complete thrombosis of the deep venous system from her left lower leg to mid thigh, and two irregular clots, one in the deep

femoral vein. *Smalls,* 996 F.2d at 415. *Id.* Her treating physician recommended she elevate her leg on a regular basis due to post-phlebitic syndrome. Additionally, her cardiovascular surgeon also recommended she keep her legs elevated when recumbent. *Id.* Due to this postural restriction, the Court of Appeals for the District of Columbia found mechanical application of the grids was inappropriate and reversed the district court's judgment. In *Tejada,* Ms. Tejada, a sixty-four year old diabetic, suffered from peripheral neuropathy. As a result of the peripheral neuropathy, Ms. Tejada suffered from leg edema. Her treating physician recommended "she elevate her legs a few hours a day." *Tejada,* 167 F.3d at 775. The Court of Appeals for the Second Circuit found the ALJ's determination that Tejada was able to continue her past employment, which required standing for prolonged periods of time, was not supported by substantial evidence. The Court of Appeals vacated the district court's judgment. In *Brown,* Ms. Brown suffered from deep venous obstruction of her left leg. Her treating physician, a specialist in vascular and thoracic surgery, instructed her to keep her leg elevated as much as possible during the day in order to promote venous drainage and keep her from having pain. *Brown,* 710 F.Supp. at 1305.

The Court has reviewed the record and failed to find any evidence indicating Lopez' treating physicians imposed a similar restriction as that imposed in *Smalls, Tejada* and *Brown.* Lopez directs the Court to the record at 70, 84, 90, 110, 124, and 136 to support his contention that he was required to elevate his leg. However, the only time a physician recommended elevation of Lopez' right leg was after Lopez was injured in a motorcycle accident on June, 1997, and was examined by the emergency room doctor. See Tr. 110, 124. Additionally, Dr. Miller examined Lopez one week after performing a transmetatarsal amputation and recommended

Lopez continue to elevate his right leg after noting Lopez' "wound had decreased swelling." See Tr. 136. In these two instances, the recommendation to elevate the extremity was short term and not a permanent restriction. The other citations to the record are Lopez' claim that he spent all day with his foot elevated (Tr. 70), and his notation on two Reconsideration Disability Report forms that his physician had imposed a restriction upon him and listed the restriction as "keep right foot elevated." See Tr. 84, 90. The Court finds the record does not support a finding that Lopez's physicians imposed a long term or permanent restriction that he elevate his leg. The Court further finds the cases cited by Lopez do not apply to this case, and his argument that remand is necessary to reevaluate this "postural limitation" has no merit.

Lopez also claims the ALJ should have asked one of his treating physicians to provide an RFC assessment. However, the record reflects the ALJ relied on Dr. Golish's RFC assessment. See Tr. 156-163. Dr. Golish, a nonexamining agency physician, reviewed the record and opined Lopez could sit about six hours in an eight-hour workday. Tr. 157. Social Security Ruling 96-6p states that findings regarding the nature and severity of an impairment made by state agency consultants and other program physicians and psychologists "must be treated as expert opinion evidence of nonexamining sources." SSR 96-6p, 1996 WL 374180, at *1. The Court finds the ALJ's reliance on Dr. Golish's RFC assessment was proper and consistent with the medical evidence.

Finally, Lopez contends the Court should remand the case and order the ALJ to consult a vocational expert because his postural limitation may substantially reduce his ability to perform sedentary work. The Court finds this is not warranted. Hypothetical questions to a vocational expert need not take into account all of claimant's alleged impairments. Questions to a vocational

expert are proper when they take into account the impairments substantiated by the medical reports and the impairments accepted as true by the ALJ. *See Gay v. Sullivan,* 986 F.2d 1336, 1340-41 (10th Cir. 1993); *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990). In this case, the ALJ found Lopez was not a credible witness and discounted his complaints regarding his level of activity, his level of pain and his need to elevate his leg. Tr. 14, 18, 19. Lopez does not challenge this finding. Accordingly, the Court finds the ALJ's RFC determination is supported by substantial evidence.

## <u>RECOMMENDED DISPOSITION</u>

The ALJ applied correct legal standards and his decision is supported by substantial evidence. Lopez' Motion to Reverse and Remand Administrative decision, filed November 29, 2000, should be denied and this case dismissed.

 

 

 

 

_____
JOE H. GALVAN
**UNITED STATES MAGISTRATE JUDGE**

**<u>NOTICE</u>**

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.